Good morning. This is the time for the in-bank hearing in cases of Wilderness Society v. Magic Valley Trail Machine Association. Counsel Eddie, you may proceed. Good morning. May it please the court, my name is Paul Turk. I represent the appellants in this matter, the Magic Valley Trail Machine Association, the Idaho Recreation Council, included in the coalition. As the filings indicate, I am going to cede up to five minutes of my time to co-counsel Mr. Gale. I'm also hoping to reserve three minutes. It's a fairly narrow issue. You shouldn't feel you have to take up all of your time. Thank you, your honor. I want to start with several observations summarizing this case. First of all, and perhaps most notably, there is no party before this court who is supporting continuation of this circuit's federal defendant rule. Secondly, the rule seems contrary to the foundational principles upon which many of our environmental laws are based, that is, public involvement, full disclosure, and transparency. Third, the federal defendant rule, at least at this point in its evolution, is primarily serving a detrimental function, which is that of diminishing access to our courts. That's not always a bad thing.  Well, no, I mean, it's not a facetious question entirely. I mean, the addition of parties does tend to complicate proceedings, or can, and does tend to make litigation more expensive. The more players you have, the more ways in which things can get messed up. Schedules can, you know, fail to work out. I mean, all the evils of litigation get magnified. I mean, there are evils of litigation. Obviously, it's important to do, but they get magnified by adding parties. And why doesn't it make sense to leave this question to the discretion of the district court? First of all, I acknowledge the evils that Your Honor mentions. I think that district judges are amply empowered to address them. I think that in cases of this nature, administrative law cases, as you all well know, there is a voluminous and ever larger record in these cases. A lawyer's effective representation, no matter who their party is, requires them to efficiently distill that to the critical elements, whether they be factual or legal. If it becomes apparent to a judge that a lawyer is either unable to do that or is intentionally trying to, quote, blow up the case, I think, at least in my experience, district judges are pretty keen to see that coming and are pretty effective at stopping it. Well, that's true, but, I mean, I think, you know, you look to me like you've been litigating for quite a few years. I mean, you know that even with counsel goodwill, it's just more difficult to litigate with many parties than it is with fewer parties or just two parties. You know, people have different schedules. They have different, you know, they're located in different cities. You know that complications arise by adding parties to litigation. It may be necessary, but it is a complicating factor that even with everybody acting in perfectly good faith and with goodwill and, you know, perfectly appropriately, it does make the litigation more difficult. And at least as I understand it, the Federal Defendant Rule is designed to deal with a situation where the United States is the defendant and therefore has the true stake in the outcome of the litigation because it's a matter of federal law. So there's some sense to saying that just like you have prosecutions only in the name of the Crown, you have defense of federal interests only by the United States. I think there's some sense to that notion. I guess in the end, the principle that I want to leave you with is that in the practical sense there's a balancing, at least as I perceive the job of the court. There are undeniably cases where the non-federal parties can assist the court in reaching a better outcome. Sometimes that's in perfect concert with the federal defendant. Sometimes it's in a divergence of either strategy, legal argument. There are cases, we cited a couple of them in our brief, there are fundamental developments in our environmental law that resulted from cases that were carried forward solely by the non-federal party. A notable case is Ohio Forestry Association. Mr. Turk, let me ask you a question. If we agree with you, what would you have us do? Would you have us send it back just saying the rule has changed, district judge, you now apply it? Or what would you have us do? And also, what would you have us do with the permissive intervention part of this? First of all, with regard to permissive intervention, as I admitted in front of the panel in front of Seattle, it's an abusive discretion standard. It's a steep standard of review for us to surmount. My preference would be that we not even reach permissive intervention. It is entrusted to the sound discretion of the district court. Well, the district court is really running the case. He or she is overseeing the case as the prime responsibility for the case. And if these lawsuits are going to be manageable, I think we have to rely on and respect the exercise of discretion by the district judge. And it's a practical matter. I mean, what Judge Kaczynski has said, I think it's very wise. And the parties, like your clients, you've had an opportunity, and they've had an opportunity to present their side at the administrative level. And it seems to me in a case like this that the court could make your clients treat them as a meekie and have their views and do it to assist the court in making a proper decision. But when you're dealing with some of these complex matters, you've got a lot of lawyers there, and they all want to be parties and file their cross motions. It all gets all tangled up, and nothing gets done. And lawsuits drag on. And I was on the initial panel in this case. You probably know that. The Portland Audubon Society. Yeah. I did notice that. We were the three of us. Judge Goodwin, Judge Schroeder, and I were on those cases, it seemed like, for years. And they were not easy to manage from even the appellate level. So we've had some experience in that as well. We just try to work it out so that we were able to get the information that we needed to make a sound ruling. That's one of the things that worries me is managing these matters. I've got three unanswered questions on the table, and I'm going to try to cover them all. And you wanted to try to talk about the non-permissive intervention. Correct. First of all, building from Judge Kaczynski's observation about the federal government being the one that really has a stake in this matter, I would actually contend that there are certainly other interests who have a stake, and in many situations a larger stake perhaps than even the federal defendant. The managing agency is caught in the middle, faces an unenviable task of allocating these opportunities, approving permits, depending on which variation to approve them. It would be easy to see them approaching a model of learned helplessness where they kind of throw up their arms and say, you guys all fight it out. So sometimes they throw the matter to the courts in the hopes of getting some final resolution. The reason why permissive intervention is not enough is because, yes, I agree in most cases in the way that I try to present the case. We try to avail ourselves to the sensibilities of the district court and offer from the very beginning some hope that we'll assist the court in resolution of the matter. But the fact is, in the breadth of the courts within this circuit, there's inconsistency in the way the rule is applied, and we need some kind of a safeguard in the form of Rule 24a.2 where certain interests are basically guaranteed a role in the outcome. Specifically, to get back to Judge Silverman's question, at the most basic level what we seek is an opinion which eliminates a categorical per se federal defendant rule, faithfully directs courts to the language of Rule 24a.2 and the four-prong test. And I see two possible outcomes there. I think it would be possible for this court to direct that intervention to be granted below, and the alternative, you could simply remand to the district court for application of- To apply the rule. Yeah, consistent with these procedures. Do I understand your answer before that you're not challenging anymore the denial of the permissive intervention? Well, I'll take whatever I can get, but my sense is that I think we've convened these proceedings to look at the of right question, and I guess I'll be surprised if this court wants to rest its ruling on permissive intervention. Did you waive the question by not raising it in your brief, or were you not able to raise it at this point? Well, we did raise it in our briefing. I don't remember to what extent we discussed it, to be honest, in our supplemental brief. It's raised in our briefing. In the original brief, it is raised? Yes. Why wasn't intervention in the remedial aspect of the case considered or discussed? Because it seems to me that's what your interest is in, is in the remedial phase of the case. Well, we're being accused by police, at least below, of not raising limited intervention. We're being accused in the federal defendant's way filed brief of seeking only limited intervention. So what did you do? The best way I can explain it is that we filed pleadings with the district court, which acknowledged the federal defendant rule. We said that we don't think the federal defendant rule is correctly decided, but we acknowledge the fact that it's controlling law within the circuit and that we have to try to live within it somehow. So we said we want to be in this case with full rights of a party. If you read the motion, that's exactly what it says. And then we said the federal defendant rule exists under Rule 24A2 of right intervention. Even under the federal defendant rule, we should get into the case for at least remedy as a full party. That's Forest Conservation Council. In the alternative, and I will admit I've written briefs where I start with permissive, because in some courts I've learned that the judge says, you know, you guys might help us. You can't hurt the process too much. We get full rights under permissive intervention, and that's the end of the analysis. So I don't know if that helps answer your question. I mean, in the practical world of district court litigation, that's the way we try to style our argument. There are alternative layers to it, and at the end of the day, I represent grassroots organizations whose members are just trying to gain access to the forest, and we're just trying to find a way to continue that access and have some meaningful role in the district court proceedings. Okay, thank you. Thank you, Your Honor. Mr. Gale. May it please the Court, I'm Paul Gale, appearing on behalf of the Amici Motorcycle Industry Council and Specialty Vehicle Institute of America. We filed the first amicus brief in this case over a year ago in conjunction with the original briefing before this Court following the appeal of the district court's denial of the intervention order. And since we filed that brief, 13 additional amici have filed briefs, and they come from as wide and diverse a spectrum as imaginable, from private industry like my clients and the United States Chamber of Commerce to Indian tribes, states, counties, governors, water districts, and the list goes on and on. Not always friends, eh? Not always friends, but they do have one thing in common. They are unanimous in their view and in the support of the abandonment of the federal defendant rule. And as indicated below, no one, not the plaintiffs at police in this case, not the federal defendant in this case, not the United States on behalf of any agency, no one has come forward and said that they are defending the federal defendant rule. No one has come forward and has said that it should remain the law of this circuit. And the perspective where I was coming from was more of a scholarly one, and that is you have all these judicial decisions that have come since Portland Audubon Society, but if you look at Rule 24, and we looked at the advisory committee's work in connection with that rule that led to the adoption of the rule by the Supreme Court in 1937, we then traced the amendment to the rule by the advisory committee in 1966. And what the advisory committee notes show is that instead of this categorical standard that exists in this circuit, the drafting history shows that it was adopted to create a broad liberal right of intervention and that it can be dealt with and administered by the district court on a case-by-case basis. And the key word that shows up in the drafting history is that it is a practical approach. That is the word that you find not only in the notes from the advisory committee but also in the articles that were written both in 1937 and 1966. And I appreciate, Judge Kozinski, your comments about having a lot of players in the proceedings, but I would submit that the district court judges are capable of case management and would want to have as much information in front of them as they can to reach the right result, which is what this is all about. And I know that when I get a call from a district court judge scheduling oral argument, my calendar gets cleared so that I can meet that call. And the judges, at least here in the Central District, before whom I've appeared, which is almost all of them, have a pretty good management of their courtroom. Some of them limit the page number. Some of them limit the exhibit number. And they are the ones who can do the management. But at the end of the day, this is a matter of right that the advisory committee, with the Supreme Court's blessing and adoption, has said is the appropriate circumstance where you have a right to intervene if you have a significantly protectable interest in the subject matter of the litigation. You don't need to be aligned with the defendant. You don't need to be aligned with the plaintiff. And there's one commentator who said, I've seen cases, this is in 1937, I've seen cases where parties intervene, this is under Equity Rule 37, without regard to what side of the ledger they're on plaintiff or defendant. So we submit that as a matter of intellectual honesty and following what the advisory committee intended when they drafted Rule 24 as approved by the Supreme Court that we should respect that intent and allow intervention as a matter of right. And this is the time to reject and abandon the federal. Counsel, what's your reaction to the government's brief, recently filed brief stating this is not the appropriate case to decide the federal defendant only issue? Well, I would, first of all, they make that statement because they say that the appellant was not aligned with the federal defendant. And I would submit that that's just a fallacious argument because the rule doesn't require alignment. And if ever there were a case where this is the time, this is the case because there is no Ninth Circuit case in which two sides are seeking or taking positions adverse to the federal defendant. There are some district court cases, but the Ninth Circuit has never had before it a situation where both sides were at odds with the federal defendant. Okay. Thank you. Thank you, Your Honor. We'll hear from the other side. Good morning, Your Honors. My name is Megan Anderson O'Reilly, and I'm representing the Wilderness Society and Prairie Falcon Audubon in this case. I'd like to start by responding to a few of the issues that were raised so far in this discussion. I guess I'll start with the last, which is whether or not this case is a good one to review the federal defendant rule. And as we've noted in our briefing, we don't feel this is a good case for that review because it's been a rather mixed-up case from the start as to what interveners are actually seeking. They started out seeking intervention as defendant's cross-claimants and sought to bring in cross-claims that, as we've noted in our briefing, they did not exhaust their remedies to be able to bring in the first instance. They maintain this position on the motion for reconsideration with the district court, noting that this is a unique case because they seek to enter as defendants and so no administrative appeal would have been necessary, again sort of confusing these issues of whether or not they could bring in these cross-claims and whether or not they needed to exhaust those cross-claims. Counsel, couldn't they be permitted to intervene in the main part of the case without being allowed to bring cross-claims, aren't those two separate questions? In other words, they might be allowed to intervene, but their proposed answer and counterclaims might be stricken with leave to amend. In other words, I guess I'm not sure why you're saying that all of that is intertwined. I think that's why this case is a little bit confusing and makes it difficult to review this rule. In this case, the plaintiffs— Well, but I'm suggesting exactly the opposite. If we were to say this is no longer the rule, go back and look at this in the ordinary way, why couldn't the district court sort all that out without difficulty? In this case, I think it's because the interveners did not demonstrate a legally protectable interest under this court's standard that the interest be a significant legally protectable interest related to the case. But that question is yet to be decided, right? That's a question for the district court to decide because it didn't decide it. Yes, and if this court abandons the federal defendant rule, then I think a remand back to the district court could be an appropriate way to have the court consider that question of whether or not there was an interest. However, I do think that interveners in their motion, they noted the federal defendant rule, but they also made an argument under Rule 24a without the federal defendant rule as to why they had an interest and why they should be allowed to intervene in the case as a matter of right as well. So the district court didn't rule on it as a note, and it certainly could be an issue for remand. But I do think that they brought it up. And in this case, because they failed to exhaust their administrative permittees, and this is why they're somewhat tied together, I'm not sure that they could show a legally protectable interest in these proceedings, or they have not at least in their briefing so far intimated that they have such an interest. Well, I guess all that leads me to think is that even if we used this case as a vehicle to change the applicable rule, it doesn't necessarily mean that intervention falls. It could mean that, but it doesn't necessarily because there are other criteria even in subsection A of the rule. Absolutely. I agree with you. And I think, like I said, that could be if this court decides to abandon the rule, then it would certainly be a proper route to remand that to the district court for a consideration under Rule 24A, just the standard test. So I think your position is that you don't disagree that the rule might be ill-advised. Is that right? In principle, not in this case. As we've noted, our clients haven't wanted to take a position, but the case law is certainly unclear as to whether or not it's ill-advised. Do you have a position or no? We don't, no. I would think that as an environmental group or groups that you represent, you would on occasion be on the other side of the issue, right? Yes. And you would want to come in on this side of the United States. And I absolutely concede that the rule cuts both ways. I don't think it keeps everyone out who tries to intervene in these cases regardless of which side they're on. However, our clients in this case just have not wanted me to take a position on the rule, and I realize that's a bit of an awkward position for me to be in, but that's what they've wanted me to do. It's your client's position. You're a lawyer, right? Exactly. Okay. Okay, thank you. You're welcome. I take it there's no rebuttal? I'm willing to submit a case, Your Honor. That would be an advisable thing to do at this point. Thank you, counsel, for a very fine argument. Case is now in the stand submitted. We're adjourned. Thank you. This court, for this session, stands adjourned.
judges: Kozinski, Schroeder, Pregerson, Reinhardt, Rymer, Silverman, Graber, McKeown, Wardlaw, Rawlinson, Bybee, Cjj